FILED

August 8, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:10 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **Alonzo Osborne, Jr.,** | ) | **Docket No.: 2015-05-0652** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 92949-2015** |
| **Beacon Transport, LLC,** | ) | |
| **Employer,** | ) | **JUDGE DALE TIPPS** |
| | ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This matter came before the undersigned workers' compensation judge on August 3, 2016, on the Request for Expedited Hearing filed by the employee, Alonzo Osborne, Jr., pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of Mr. Osborne's claim and his entitlement to medical treatment and temporary disability benefits. The central legal issue is whether the evidence is sufficient for the Court to determine that Mr. Osborne is likely to establish at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment. For the reasons set forth below, the Court holds Mr. Osborne is entitled to payment of his emergency medical expenses.[1]

### History of Claim

The following facts were established at the Expedited Hearing on August 3, 2016. Mr. Osborne is a fifty-seven-year-old resident of Rutherford County, Tennessee. While working as a truck driver on February 23, 2015, he was involved in a motor vehicle accident in Mississippi.

Mr. Osborne testified he was hauling a load of raw rubber from the port of New Orleans to the Bridgestone plant in LaVergne, Tennessee, when he blacked out while driving. When he regained consciousness, his truck was up against a tree. Based on the amount of damage to the truck, Mr. Osborne felt lucky to have survived the crash. An ambulance transported him to the hospital, where he received medical treatment,

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

including a number of stitches.

Beacon terminated Mr. Osborne the day after the crash because it claimed this constituted his third preventable accident. Although it appears Beacon filed no Notice of Denial, Mr. Osborne asserted it never paid for any of his medical treatment or provided any other workers' compensation benefits.

Mr. Osborne filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. Mr. Osborne then filed a Request for Expedited Hearing.

At the Expedited Hearing, Mr. Osborne asserted he was entitled to payment of the medical expenses he incurred on the date of the accident. Beacon hired him to drive a commercial vehicle, and he suffered injuries while performing his job.

Beacon countered that Mr. Osborne is not entitled to medical or temporary disability benefits because he failed to prove the reasonableness and necessity of his medical bills[2] and failed to present any medical evidence of temporary disability. Beacon further argued Mr. Osborne failed to offer any proof as to what caused his loss of consciousness, much less that it was related in any way to his work. As a result, Mr. Osborne's injuries were the result of an idiopathic condition and did not arise out of his employment.[3]

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Mr. Osborne need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court may determine he is likely to prevail at a hearing on the merits. *Id*.; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

To prove a compensable injury, Mr. Osborne must show that his alleged injury arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(14) (2015). To do so, he must show his injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, he must show, "to a reasonable degree of medical

---

[2] Mr. Osborne offered two medical bills for evidence, but the Court sustained Beacon's objection to admissibility on the grounds of lack of foundation and hearsay.

[3] The DCN indicated Beacon's intent to offer a defense based on insufficient notice, but Beacon offered no proof or argument on this issue during the hearing.

certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

Applying these principles to the facts of this case, the Court first addresses Beacon's contention that Mr. Osborne's accident did not arise out of his employment because it was caused by an idiopathic condition. This argument is not persuasive. As the Workers' Compensation Appeals Board explained in *McCaffery v. Cardinal Logistics*, No. 2015-08-0218, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *4-5 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015), the relevant inquiry is not what caused the alleged idiopathic condition or event but what caused *the injury*.

In *McCaffery*, the employer argued that a sneeze of unknown origin caused the motor vehicle accident, which resulted in the employee's injuries. Thus, in the employer's view, the accident was idiopathic and not compensable. *Id.* at *8. The Board rejected that argument, explaining that "[t]he focus is on the causal link between the employment and the accident or injury, rather than a causal link between the employment and the idiopathic episode." *Id.* at *11. "[A]n accidental injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Phillips v. A&H Constr. Co.*, 134 S.W.3d 145, 151 (Tenn. 2004).

Here, Mr. Osborne testified that, when he passed out while driving, his truck crashed. Thus, as in *McCaffery*, the cause of the crash is not determinative. Instead, there is a clear causal connection, apparent to the rational mind, between the accident and the injuries Mr. Osborne sustained in the crash. The Court, therefore, finds Mr. Osborne presented sufficient evidence at the expedited hearing to establish that he will likely prove a compensable injury at a hearing on the merits.[4]

The Court recognizes that Mr. Osborne failed to produce any expert medical evidence linking his alleged injuries to his employment with Beacon. As a result, he has provided insufficient evidence to establish compensability. However, an employee does not have to prove compensability in order to establish the employer is obligated to provide initial medical evaluation and treatment. *McCord, supra,* at *16, 17. In *McCord*, the Workers' Compensation Appeals Board found that:

[W]hether the alleged work accident resulted in a compensable injury has

---

[4] Although Beacon's line of questioning explored the possibility the accident was caused by Mr. Osborne falling asleep or from his use of a cell phone, Beacon presented no evidence to refute Mr. Osborne's testimony as to the cause of the accident.

yet to be determined. Therefore, while Employee has not proven by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of employment, she has satisfied her burden at this interlocutory stage to support an Order compelling Employer to provide a panel of physicians.

*Id*. Following this line of reasoning, the Court holds Mr. Osborne has provided sufficient evidence to satisfy his "burden at this interlocutory stage" that he was entitled to the emergency medical evaluation and treatment necessitated by his work-related motor vehicle accident.[5]

Mr. Osborne testified he incurred medical expenses on the day of the accident with ASAP EMS Corporation (the ambulance service) and South Central Regional Medical Center. The amounts of his medical expenses are not in evidence, as Mr. Osborne was unable to establish a sufficient foundation to admit his billing statements. However, as a matter of law, Mr. Osborne has come forward with sufficient evidence from which the Court concludes that he is likely to prevail at a hearing on the merits. His request for payment of his February 23, 2015 medical expenses is granted at this time.

Although the DCN in this case includes temporary disability benefits as a disputed issue, Mr. Osborne submitted no evidence regarding such a claim. As a result, the Court cannot find at this time that he is likely to establish entitlement to temporary disability benefits at a hearing on the merits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Beacon or its workers' compensation carrier shall pay Mr. Osborne's February 23, 2015 medical expenses as required by Tennessee Code Annotated section 50-6-204 (2015). Medical bills shall be furnished to Beacon or its workers' compensation carrier by Mr. Osborne or the medical providers.

2. Mr. Osborne's claim for temporary disability benefits is denied at this time.

3. This matter is set for an Initial (Scheduling) Hearing on September 6, 2016, at 2:30 p.m.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured**

---

[5] The Court recognizes the *McCord* holding dealt with provision of a panel of physicians. However, the same analysis logically applies to emergency evaluation and treatment resulting from a work-related accident.

**Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.


**ENTERED this the 8th day of August, 2016.**


_____

**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**


Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. ASAP EMS Corporation billing statement (Identification Only)
2. South Central Regional Medical Center (Identification Only)
3. Handwritten statement of Alonzo Osborne
4. Beacon's Cell Phone Usage Policy
5. May 23, 2013 written warning
6. October 16, 2013 written warning
7. April 28, 2014 written warning
8. March 20, 2014 written warning

Technical record:[6]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[6] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 8th day of August, 2016.

| Name | Certified Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|
| Alonzo Osborne, Jr. | X | | | X | 208 Indian Court Smyrna, TN 37167 amosborne02@gmail.com |
| B. Duane Willis, Attorney | | | | X | dwillis@morganakins.com |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**